IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3146 |
| vs. | PRELIMINARY ORDER OF FORFEITURE |
| LOUIS W. BROGDON, | |
| Defendant. | |

This matter is before the Court on the plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 44). The information in this case (filing 34) charged the defendant with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The information (filing 34) also contained a forfeiture allegation seeking the forfeiture, pursuant to § 924(d) and 28 U.S.C. § 2461, of the following firearms on the basis that they were involved in or used in the knowing commission of the crime charged:

- Black Hi-Point handgun 45 mm, serial # X4314897;
- Black Ruger handgun serial #154069292;
- JC Higgins Model 101 12-gauge shotgun with no serial number;
- Savage model 64 .22 rifle, serial #3098510; and
- Hi-Point model 995 9mm rifle, serial #E51294.

The defendant has pled guilty to the crime alleged and admitted the forfeiture allegation. Filing 40 at 1; filing 45 at 25. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendant has forfeited his interest in the property, and the plaintiff should be entitled to possession of the property pursuant to 21 U.S.C. § 853. Therefore, the plaintiff's motion for preliminary order of forfeiture is granted.

IT IS ORDERED:

1. The plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 44) is granted.

2. Based upon the defendant's guilty plea and admission of the forfeiture allegation of the information, the plaintiff is authorized to seize the Black Hi-Point handgun 45 mm, serial # X4314897; Black Ruger handgun serial #154069292; JC Higgins Model 101 12-gauge shotgun with no serial number; Savage model 64 .22 rifle, serial #3098510; and Hi-Point model 995 9mm rifle, serial #E51294.

3. The defendant's interests in the property are forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

4. The property is to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within 30 days

of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 5th day of April, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge